UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Petitioner, <br> v. <br><br> STATE OF WASHINGTON, <br><br> Respondent. | Case No. 3:23-cv-05963-DGE-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for January 19, 2024 |

Petitioner John R. Demos, a litigant who has filed many lawsuits that lack merit on their face and thus he is the subject of a bar order, presents to this Court for filing an application to proceed *in forma pauperis* (IFP); while somewhat unclear, he has submitted what appears to be a proposed 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. 1; Dkt. 1-1.

Petitioner's proposed petition seeks review of various "constitutional issues" that appear to relate to his state court conviction. Dkt. 1-1. Petitioner alleges that he "resides up under an illegal and unconstitutional restraint." *Id.* He alleges under the Washington State Constitution, he is denied the right to confront his accuser in a criminal trial "face to face", the right to be personally present with counsel, the right to be free against cruel and unusual punishment. *Id.* He appears to argue the Washington State Constitution is unconstitutional as it does not provide for the right to be prosecuted by a grand jury, and that the Washington State Constitution is unconstitutionally vague in various other respects. *Id.*

REPORT AND RECOMMENDATION - 1

Petitioner is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition by petitioner that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253, or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997). Petitioner, here, has not paid the filing fee. And, petitioner may not proceed with a second or successive habeas petition in this Court unless and until the Ninth Circuit authorizes its filing, which it has not done. *See* 28 U.S.C. § 2244(b)(3)(A).

The Court therefore recommends that petitioner's IFP application, Dkt. 1, be DENIED, and that this action be DISMISSED without prejudice.

The Court also recommends that as no reasonable jurist would disagree the habeas petition should be dismissed based upon the Court's bar order and the prohibition on filing second or successive petitions without Circuit Court permission, that issuance of a certificate of appealability be denied.

A proposed Order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

REPORT AND RECOMMENDATION - 2

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **January 19, 2024**, as noted in the caption.

Dated this 28th day of December, 2023.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3